FILED BY ⎣⎦ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 JUL 12 PM 3: 52

THOMAS M. GOULD
CLERK, US DISTRICT COURT
W/D OF TN, MEMPHIS

UNITED STATES OF AMERICA,

     Plaintiff,

v.

JEROME REED,

     Defendant.

Case No.: 04-20127 D

---

## ORDER GRANTING DEFENDANT'S MOTION TO SUPPRESS

Before the Court is Defendant's Motion to Suppress Certain Evidence. The Court heard evidence on the motion on November 17, 2004, March 11, 2005, and July 8, 2005. The Court heard testimony from the following witnesses: Officer David Meyer, Mr. Melvin Sugars, Officer Hanson, Ms. Ann Patricia Sears, Mr. James Howard Schultz, Ms. Shirley Rogers, and Mr. T. Diallo. After consideration of all the evidence in the case, the Court finds that probable cause did not exist to stop the vehicle on November 1, 2003. Because the stop was illegal, any evidence seized flowing from the illegal stop must be suppressed as violative of the Fourth Amendment.

**FACTUAL BACKGROUND**

On November 1, 2003, Officer David Meyers of the Memphis Police Department stopped a 1992 Isuzu Rodeo proceeding northbound on or near 3394 Macon Road in Memphis, Tennessee. Jerome Reed, ("Defendant"), was a passenger in the vehicle, which was being operated by Mr. Melvin Sugars. Officer Meyer testified that from three to four car lengths behind the subject vehicle, he observed that the driver was not wearing a seat belt. In describing how he was able to see that

the driver was not wearing a seat belt, Officer Meyer stated:

> **A.**  Well, you don't have your seat belt on, you can see two lines straight down instead of just one and you will see the seat belt across, you can clear (sic) see two lines of the seat belt straight down.

Testimony of Officer David Meyer.  November 17, 2004 transcript, p. 22, LL 22-25.

On March 11, 2005, the Court heard from Mr. Melvin Sugars, the driver, who testified that the Isuzu had tinted windows.  Mr. Sugars further testified as follows in response to the following question:

> **Q.**  Let me – let me take you back to driving with Mr. Reed and Annette, you said you were going to a store, can you tell the court what happened when you went to the store?
>
> **A.**  Well, we went to one store on National but the store was closed, so we left and went to another store.  And after we went to that store Annette got out – we parked, Annette got out of the truck and went inside the store.  And at that time an officer passed us and went up the street and turned around and waited at the corner.  So Annette came back and got in the truck, she asked me to take her pack (sic) to the other store because they wouldn't cash her money order there, so went pack (sic) to the store on National.

Testimony of Melvin Sugars, March 11, 2005, p. 11, LL 3-16.

Mr. Sugars indicated that the Isuzu had tinted windows similar to the windows of the Isuzu depicted on Exhibit 1.

On July 8, 2005, the Government elicited testimony from a number of  witnesses, all of whom testified that the Isuzu did not have tinted windows.

The witnesses were Officer Hanson, who wrote the tow ticket for the vehicle; Ms. Shirley Rogers, who sold the vehicle in 2003 and repossessed it in July of 2003; Ms. Anne Sears, who brought the vehicle in 2003, and forfeited it to Golden Title Loan Company in early 2004; Mr. Schultz, district manager for Golden Title Loan Company, who "recovered" the vehicle from Ms.

Sears for non-payment; and Mr. Tidjanie Diallo, the current owner, who purchased the vehicle from Golden Title Loan Company. All of these witnesses testified that the vehicle did not have tinted windows. Mr. Schultz denied that the vehicle contained "factory tinted" windows even though the "light" tint was clearly visible in the photo exhibits submitted by the Government. Mr. Diallo later testified that the vehicle did contain factory tinted windows. See Exhibits 5 and 7.

## ANALYSIS

A traffic stop and the attendant detention of a driver or passenger is reasonable under the Fourth Amendment if law enforcement officers have probable cause to believe a traffic violation occurred, "and it is irrelevant what else the officer knew or suspected about the traffic violator at the time of the stop." *United States v. Ferguson,* 8 F.3d 385, 391 (6th Cir. 1993). *See also United States v. Heath,* 259 F.3d 522, 528 (6th Cir. 2001) (discussing the *Terry* stop as an exception to the probable cause requirement).

The intentional stopping of an automobile by a police officer is a seizure within the meaning of the Fourth and Fourteenth Amendments. *Brower v. County of Inyo,* 489 U.S. 593, 596-97, 109 S.Ct. 1378, 1381, 103 L.Ed.2d 628 (1989); *Delaware v. Prouse,* 440 U.S. 648, 653, 661, 99 S.Ct. 1391, 1396, 1400, 59 L.Ed.2d 660 (1979). A stop based upon the violation of a traffic law for which custodial arrest is not permitted is analogous to the stops authorized by *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868 (1968).

An ordinary traffic stop constitutes a limited seizure within the meaning of the Fourth and Fourteenth Amendments and therefore must be justified by probable cause or a reasonable suspicion, based on articulable facts. *See Whren v. United States,* 517 U.S. 806, 809-10, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1966).

3

Probable cause is a blind concept – turning on the assessment of probabilities in particular factual contexts. *Illinois v. Gates,* 462 U.S. 213, 232, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

An automobile stop is subject to the constitutional imperative that it not be unreasonable under the circumstances. As a general matter, the decision to stop an automobile is reasonable where police have probable cause to believe that the traffic violation has occurred. *Whren, supra.* In the instant case, the alleged traffic violation was failure to wear seat belt. A seat belt violation is sufficient to support a traffic stop.

At the November 17, 2004 hearing, the Court expressed a healthy skepticism at the officer's ability, from three to four car lengths back, to observe whether the driver of a moving vehicle was wearing a seat belt. After viewing the Government's photographs, taken from very close up, the Court finds that the windows were slightly tinted, making it extremely unlikely that the officer was able to make the testimonial observation of a seat belt violation. These photographs corroborate the testimony of Mr. Sugars. It is true that the windows were not darkly tinted, but they were none the less tinted. The tint caused the windows to be shadowed or shrouded. The Court finds that it would have been difficult, indeed highly unlikely, that from three to four car lengths away, the officer would have been able to determine that Mr. Sugars, a large man, was not wearing a seat belt. This finding is further supported by the fact that the officer was unable to see the female who was a passenger in the front seat. Thus, the Court finds that Officer Meyer's testimony regarding the traffic violation is not credible, and that the stop was pretextual.

Officer Meyer did not testify that he observed any other traffic violations. Inasmuch as the Court finds that the officer's testimony that he observed a seat belt violation is not credible, the Court will not credit that testimony. Accordingly, there was no basis for the stop of the vehicle,

making it an illegal stop which violated the Fourth Amendment.  All evidence obtained resulting from the illegal stop, seizure, and search must be suppressed as fruit of the poisonous tree.

As a passenger, Mr. Reed has standing to challenge the stop, seizure and search.  Mr. Reed's motion to suppress is GRANTED, and all evidence is suppressed as to Mr. Reed.

**IT IS SO ORDERED** this _12_ day of _July_____, 2005.

BERNICE BOUIE DONALD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 65 in case 2:04-CR-20127 was distributed by fax, mail, or direct printing on July 12, 2005 to the parties listed.

Edwin A. Perry
FEDERAL PUBLIC DEFENDER
200 Jefferson Ave.
Ste. 200
Memphis, TN 38103

Camille Reese McMullen
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Katrina U. Earley
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT